IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DEANDRE LEWIS, )
)
        Plaintiff, )
)
v. ) Case No. 17-00056-CV-W-ODS
)
HEARTLAND AUTOMOTIVE )
SERVICES II, INC., )
d/b/a Jiffy Lube #2248, )
)
        Defendants. )

## ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO REMAND

Pending is Plaintiff's Motion to Remand. Doc. #7. For the reasons below, the motion is granted, and the matter is remanded to the Circuit Court of Jackson County, Missouri.

## I. BACKGROUND

This suit arises from an alleged improperly performed oil change by Defendant Heartland Automotive Services II, Inc. ("Heartland") on Plaintiff's automobile, a 2007 Mazda CX-7 Sport. Doc. #1-1. Plaintiff filed suit in the Circuit Court of Jackson County, Missouri on May 16, 2016. *Id.* On January 26, 2017, the parties participated in a confidential mediation, but were unable to resolve the matter. Immediately after the mediation concluded, Heartland's counsel e-mailed Plaintiff's counsel to confirm Plaintiff's final offer during the mediation was $390,000. Doc. #1-3. Plaintiff's counsel confirmed, and Heartland filed a notice of removal that same day. Heartland argues jurisdiction is proper because the parties are diverse, and Plaintiff's "demand" during mediation was the first time Heartland was on notice that the amount in controversy exceeded the jurisdictional requisite of $75,000. Doc. #1. Plaintiff seeks remand, arguing Heartland's removal was not timely because the case was removed more than

thirty days after service was effectuated, and the e-mails between counsel do not constitute "other paper" that would make the case removable.

## II.  DISCUSSION

Generally, a defendant has thirty days to file a notice of removal after receiving the initial pleading.  28 U.S.C. § 1446(b)(1).  Nevertheless, the thirty day time limit runs only when the initial "complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount."  *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000).  Plaintiff's Petition did not explicitly disclose Plaintiff was seeking damages in excess of $75,000, and the Court rejects Plaintiff's argument that Heartland should have been on alert that this case was removable from the outset.  Even assuming Plaintiff's right to receive punitive damages and attorney's fees in cases alleging violations of the Missouri Merchandising Practices Act, the suit nevertheless arises from a defective oil change.  Plaintiff also seeks damages for work missed and emotional distress, but the Court strains to find total damages in this matter would approach an amount near $75,000.  Accordingly, remand is not granted on the basis that the initial pleading indicated this matter was removable.

However, the Court grants Plaintiff's motion to remand because the mediation proceedings and the subsequent e-mail by Plaintiff are not "other paper" under section 1446(b)(3).  When a case is not removable by its initial pleadings, the defendant may file a notice of removal within thirty days after receiving "other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3).  The term "other paper" applies to "papers and documents involved in the case being removed."  *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 969 (8th Cir. 2007).  The Eighth Circuit has acknowledged that a settlement demand "may constitute 'other paper' for purposes of § 1446(b)(3)."  *Gibson v. Clean Harbors Envtl. Servs., Inc.*, 840 F.3d 515, 521 (8th Cir. 2016).  That said, a letter from plaintiffs' counsel recommending a dollar amount that would "resolve the matter" did not constitute "other paper" because plaintiffs did not state they would definitely settle for the recommended amount, meaning the defendant could not unambiguously ascertain jurisdictional requirements were met.  *Id.*

Plaintiff's counsel's e-mail reply to Heartland is not "other paper" under section 1446(b)(3).  The e-mail was merely a continuation of a confidential mediation in which the parties engaged in negotiations.  The e-mail is not the type of "other paper" from which Heartland could unambiguously ascertain that the amount in controversy exceeded $75,000.  It may be Heartland first learned of Plaintiff's valuation of the matter during the mediation, but Heartland's attempt to frame Plaintiff's e-mail as a settlement demand is unpersuasive.  While a demand letter may constitute "other paper," Plaintiff's e-mail did not explicitly state it would settle the matter for $390,000.  Rather, the e-mail simply confirmed Plaintiff's final bargaining position at mediation.  Furthermore, the Court will not use dollar values exchanged during a confidential mediation to find the amount in controversy is satisfied.  Accordingly, the Court grants Plaintiff's motion to remand.

### III.  CONCLUSION

For the above reasons, the Court remands this action to the Circuit Court of Jackson County, Missouri for further proceedings.  The Court declines to award Plaintiff attorney's fees incurred as a result of its motion.

IT IS SO ORDERED.

DATE: April 13, 2017

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT